**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **Daniel McGough**,<br>Plaintiff,<br>v.<br>**Lincoln Consolidated Schools**,<br>**Brick Elementary**,<br>**Paula Robinette**, Director of Human Resources,<br>**Cassandra Coker**, Principal of Brick Elementary,<br>Defendants. | Case: 5:24-cv-12580<br>Judge: Levy, Judith E.<br>MJ: Patti, Anthony P.<br>Filed: 9/30/2024<br>CMP McGough v. Lincoln Consolidated Schools, et al (tt) |

**Civil Action No. _____**
**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**(42 U.S.C. § 1983)**

---

**JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.
2. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as the events giving rise to this action occurred in this district.

**PARTIES**

3. Plaintiff, **Daniel McGough**, is a resident of **1173 Hunter Ave, Ypsilanti, MI 48197**, and is the father of **Simon McGough**.
4. Defendant, **Lincoln Consolidated Schools**, is a school district organized under the laws of the State of Michigan, with its principal office located at 7425 Willis Rd, Ypsilanti, MI 48197.
5. Defendant, **Brick Elementary**, is a public school within the Lincoln Consolidated Schools district located at 8970 Whittaker Rd, Ypsilanti, MI 48197.
6. Defendant, **Paula Robinette**, is the Director of Human Resources for Lincoln Consolidated Schools and is sued in her individual and official capacities.
7. Defendant, **Cassandra Coker**, is the Principal of Brick Elementary and is sued in her individual and official capacities.

**FACTUAL BACKGROUND**

8. On **September 27, 2024, at 9:30 AM**, the Plaintiff attempted to sign out his son, **Simon McGough**, from Brick Elementary School.
9. The school's administration informed the Plaintiff that he could not sign out his son without prior approval from the child's mother, **Alyssa McCloskey**, despite the Plaintiff's legal rights as a father.
10. The Plaintiff contends that the school's requirement for parental approval from the mother

before allowing him to sign out his son is an unwarranted intrusion into his custodial rights. The Plaintiff believes that such decisions should be left to the custodial judge, not the educational institution.

11. The Plaintiff's inquiries regarding signing out Simon for legitimate purposes, such as a doctor's appointment or lunch, were met with the same response, requiring the school to contact the mother for permission.

12. Additionally, on a separate occasion, when the Plaintiff stopped by to bring food to Simon, he learned that Simon had been told to stand in the corner of the office when the Plaintiff was not present. As a result, Simon was so upset that he refused to accept the lunch that he had previously requested from the Plaintiff. This incident further demonstrates the adverse treatment faced by the Plaintiff and his son at the hands of the school.

13. As a result of these policies, the Plaintiff was unable to sign out Simon for several hours on September 27, leading to significant delays and causing them both to miss a family wedding.

14. The school's actions have unjustly portrayed the Plaintiff as a potential threat, undermining his relationship with his son and causing emotional distress and frustration.

15. The Plaintiff has sought to resolve these issues directly with the school for over two years, yet he has faced persistent barriers and discriminatory practices that deny him equal protection and due process as guaranteed under the Fourteenth Amendment.

**CLAIMS FOR RELIEF**

## Count I: Violation of the Fourteenth Amendment (Due Process and Equal Protection) under 42 U.S.C. § 1983

16. The Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
17. The actions and policies of the Defendants, particularly the requirement for approval from the child's mother to sign out Simon, constitute a deprivation of the Plaintiff's constitutional rights under the Fourteenth Amendment.
18. The Defendants acted under color of state law in a manner that discriminated against the Plaintiff based on his gender and custodial status, failing to treat him as an equal and legitimate parent.
19. As a direct and proximate result of the Defendants' actions, the Plaintiff has suffered damages, including emotional distress, loss of familial relationships, and other consequential damages.

**PRAYER FOR RELIEF**

Wherefore, the Plaintiff respectfully requests that this Court:

1. Enter judgment in favor of the Plaintiff and against the Defendants for compensatory and punitive damages in an amount to be determined at trial;
2. Grant injunctive relief requiring the school to cease its discriminatory practices and to uphold the Plaintiff's custodial rights without unnecessary interference;
3. Grant any other relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**
The Plaintiff demands a trial by jury on all issues so triable.

---

**Respectfully submitted,**

*Daniel McGough*

**Daniel McGough**
1173 Hunter Ave
Ypsilanti, MI 48197
Phone: 313-348-0459
Email: dryan616@icloud.com
**Pro Se Plaintiff**