Daniel McGough, Pro Se
PO BOX 970081
Ypsilanti, MI 48197

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Daniel McGough,**<br>          **Plaintiff,**<br>vs.<br>**Lincoln Consolidated Schools,**<br>**Cassandra Coker,**<br>**Paula Robinette,**<br>**Pam Flucks,**<br>          **Defendants.**<br>_____ | Case No.: **[24-12580]**<br><br>**PLAINTIFF'S OBJECTION**<br>**TO DEFENDANTS' DEFENSES** |

### PLAINTIFF'S OBJECTION TO DEFENDANTS' AFFIRMATIVE DEFENSES

Plaintiff, Daniel McGough, respectfully submits this objection to the affirmative defenses raised by Defendants, specifically their invocation of governmental immunity. Plaintiff asserts that Defendants' actions constitute clear violations of his constitutional rights under the Fourteenth Amendment and are not shielded by governmental immunity.

**I.      OBJECTION TO DEFENSE BASED ON GOVERNMENTAL IMMUNITY**

Defendants claim they are shielded by governmental immunity for actions taken within their official capacities. However, this defense fails for the following reasons:

   **A.  Governmental Immunity Does Not Shield Constitutional Violations**

Under federal law, governmental immunity does not protect public officials or entities when their actions violate clearly established constitutional rights. Specifically, 42 U.S.C. § 1983

provides a cause of action against individuals or entities acting under color of state law who deprive others of constitutional rights. Legal Precedent:

1. *Owen v. City of Independence, 445 U.S. 622 (1980)*: The Supreme Court held that municipalities and local government entities are not entitled to immunity from liability under § 1983 for unconstitutional actions. This precedent is directly relevant as it demonstrates that Defendants' actions in denying Plaintiff access to his child were not shielded by governmental immunity.

2. *Harlow v. Fitzgerald, 457 U.S. 800 (1982): Government officials are not entitled to qualified immunity if their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. Any reasonable school official would understand that denying a biological parent access to their child constitutes a due process violation. Given that it was the child's third year at Brick Elementary and the plaintiff has been an actively involved parent—indeed, the very reason his child attends this school—Defendants' actions in denying Plaintiff access are especially indefensible.*

3. **Violation of Constitutional Rights**

    - **Core Principle**: actions infringed upon Plaintiff's fundamental right to the care, custody, and control of his child, as guaranteed by the Fourteenth Amendment.

    - **Well-Established Law**: These parental rights are firmly established in constitutional jurisprudence, placing an obligation on public officials to respect them.

4. **Failure to Exercise Reasonable Care**

    - **Access to Custody Order**: Despite having access to Plaintiff's parenting time and custody order, Defendants still imposed unwarranted restrictions on his parental rights.

- **Absence of Restrictive Language**: A review of the custody order reveals no language that limits Plaintiff's access to his child while at school, making Defendants' actions baseless and overreaching.

5. **Lack of Notice or Justification**

- **Surprise Element**: Defendants imposed restrictions on Plaintiff's access without providing any prior notice or rationale, which deprived him of the opportunity to contest or address these actions.

    - **Negligence or Overreach**: This indicates either a failure to exercise reasonable care or a deliberate disregard for Plaintiff's constitutional rights.

    - Defendants compounded their overreach by contacting the child's other parent, who expressed no objection to Plaintiff picking up the child. This acknowledgment by the other parent further highlights the baseless and arbitrary nature of the school's actions. Basic principles of fairness and due process dictate that the school's duty was to respect Plaintiff's clear parental rights protected under the Fourteenth Amendment. Defendants' disregard for these principles demonstrates a blatant violation of Plaintiff's constitutional rights.

B. **Acts Outside the Scope of Legal Authority Are Not Protected**

Governmental immunity does not apply to actions taken outside the scope of lawful authority. The school's refusal to allow Plaintiff to sign out his child, despite his history of being an involved and proactive parent, was an overreach beyond any reasonable

interpretation of their authority. The school acted without proper legal justification or a valid court order restricting Plaintiff's rights. Legal Precedent:

1. *Scheuer v. Rhodes, 416 U.S. 232 (1974)*: Officials performing discretionary functions are not immune if their actions exceed the scope of their legal authority.

2. *Doe v. Claiborne County, 103 F.3d 495 (6th Cir. 1996)*: A school district can be held liable for constitutional violations when policies or practices infringe upon a parent's custodial rights. If the school's actions were beyond its legal authority—such as denying a biological parent access to their child without a valid court order—those acts are not protected by governmental immunity. The school's reliance on "maternal authorization" was arbitrary and discriminatory, disregarding Plaintiff's demonstrated active involvement and clear custodial rights.

## II.     RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Deny Defendants' Defense based on governmental immunity.
2. Declare that Defendants' actions constitute violations of Plaintiff's constitutional rights under the Fourteenth Amendment.
3. Grant Plaintiff leave to proceed with discovery to further substantiate these claims.
4. Grant such other and further relief as the Court deems just and equitable under the circumstances.

**Daniel McGough, Pro Se**
P.O. Box 970081
Ypsilanti, MI 48197
Email: dryan616@icloud.com
Dated: December 11, 2024
**Signature: /s/ Daniel McGough**

**Certificate of Service**

I hereby certify that on this date, a copy of this Objection was served upon
Michael Weaver, Defendants attorney, via email at [MWeaver@plunkettcooney.com](mailto:MWeaver@plunkettcooney.com),
in compliance with MCR 6.104 and MCR 2.107.
Date: 12-11-2024
/s/ Daniel McGough
Defendant, Pro Se